IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY L. WARD, | § | |
| | § | |
| Defendant Below- | § | No. 129, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 30807429DI |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 16, 2015
Decided: May 28, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 28th day of May 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Larry Ward, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ward's opening brief that his appeal is without merit. We agree and affirm.

(2)     The record reflects that a Superior Court jury found Ward guilty in 1989 of Attempted Murder in the First Degree and Possession of a Deadly

Weapon during the Commission of a Felony. He was sentenced to life imprisonment plus a term of years. This Court affirmed his convictions and sentence on direct appeal.[1] Since that time Ward has filed multiple unsuccessful petitions seeking postconviction relief, habeas corpus relief, and modification of his sentence.[2]

(3) In October 2014 and December 2014, Ward filed two motions for correction of sentence. He argued that his life sentence is illegal because he was convicted of the nonexistent crime of attempted felony murder.[3] The Superior Court denied Ward's motion because it was untimely and repetitive and because his sentence was appropriate. This appeal followed.

(4) In his opening brief on appeal, Ward again asserts that his sentence is illegal because he was convicted of attempted felony murder, which is not a recognized crime in Delaware.[4] He also contends that the Superior Court erred in concluding that his motion was untimely because

---

[1] *Ward v. State*, 575 A.2d 1156 (Del. 1990).

[2] *See, e.g., Ward v. State*, 2001 WL 1560685 (Del. Nov. 27, 2001) (affirming Superior Court's denial of Ward's second motion for postconviction relief).

[3] To the extent Ward raised other issues in the motions he filed in the Superior Court, those issues are deemed waived for his failure to brief them on appeal. *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[4] *Rambo v. State*, 939 A.2d 1275, 1281 (Del. 2007).

2

there is no time limitation on a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a).[5]

(5) Ward is correct that the Superior Court mistakenly applied the time bar of Rule 35(b) to his motion for correction of illegal sentence filed under Rule 35(a). Nonetheless, we affirm the trial court's judgment denying Ward's motion on the independent and alternative ground that the motion lacked merit.[6] The record reflects that Ward was charged with and convicted of Attempted Intentional Murder in the First Degree under 11 *Del. C.* § 636(a)(1). There is simply no factual basis for Ward's assertion that the jury convicted him of Attempted Felony Murder under 11 *Del. C.* § 636(a)(2).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[5] Superior Court Criminal Rule 35(a) provides, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

[6] *Unitrin, Inc. v. American Gen'l Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a judgment on the basis of a different rationale than that articulated by the trial court).